UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION - YOUNGSTOWN

**In re:** ) Chapter 13 Case No.: 11-42379
)
John W. Perrotta ) Judge Kay Woods
Rochelle A. Rulli-Perrotta )
)
) ☑ Original Chapter 13 Plan dated 8/10/11
) ☐ (First) Amended Chapter 13 Plan dated _____
) ☐ Modified Chapter 13 Plan dated _____
) ☐ Prior Bankruptcy Case; Chapter ____;
    Date of discharge _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ATTENTION CREDITORS AND PARTIES IN INTEREST.**

This plan sets forth how Debtor proposes to pay claims. Creditors should review the plan to determine how their claims will be treated. Creditors must exercise their own judgment in deciding whether to accept or oppose the plan. Each creditor should read this plan carefully and discuss it with his/her attorney. Anyone who wishes to oppose any provision of this plan must file with the Court a timely written objection unless such objection is one provided for in Article IV, below. This plan may be confirmed and become binding without further notice or hearing unless a timely written objection is filed. **Creditors must file a proof of claim with the Clerk of the Bankruptcy Court in order to receive distributions under this plan. Absent an objection by the Debtor or other party in interest, the Trustee shall pay claims as filed. Secured claims must have proof of security attached. Creditors claiming a right to interest should state the interest rate and the total amount of the claim, as of the case filing date, on the front page of the proof of claim. Supporting documentation should also be provided as required by Rule 3001 of the Federal Rules of Bankruptcy Procedure.**

**ARTICLE I.      PLAN PAYMENTS**

Within ten (10) days after the filing of this bankruptcy case, the Debtor or Debtors in a joint case (hereinafter "Debtor") shall commence making monthly plan payments ("Plan Payments") pursuant to 11 U.S.C. § 1326(a)(1), as follows:

**1 A.** To the Standing Chapter 13 Trustee (hereinafter "Trustee"): $ 1,142.52 per month, for a period of 60 months, payable in

☐ monthly    ☐ semi-monthly    ☑ bi-weekly    ☐ weekly    installments of $ 527.32 each.

**1 B.** Upon request of the Trustee, subject to objection by Debtor, the Debtor may be required to devote all annual federal, state and/or local income tax refunds (excluding earned income credits and child care credits) greater than $1,500.00 (One Thousand Five Hundred Dollars) (the "Excess Tax Refund"), to the repayment of creditors under this Plan, which contribution shall be in addition to the payments in Article 1A above, and the dividend to general unsecured creditors shall increase commensurate with the additional contribution.

**1 C.** Based upon claims filed and payments received by the Trustee, the Plan may extend beyond its stated term without further application or notice, but in no event shall it extend beyond sixty (60) months after confirmation.

**1 D.** If a Plan proposes a dividend in an amount to which no objection is filed by a creditor or party in interest and such dividend is increased by Agreed Order between Trustee and Debtor, based on claims then filed or estimated and, subsequent to such increase, additional claims are thereafter allowed, the dividend to general unsecured creditors may be reduced to an amount, not less than provided for in the original Plan for which creditors were provided notice, without further hearing or additional notice to creditors.

**ARTICLE II.    TREATMENT OF CREDITORS**

**2 A.** **General Unsecured Claims -** Each creditor holding an allowed general unsecured claim shall be paid a dividend of at least __13__ % of the amount of the allowed claim. No interest shall be paid on any unsecured claim unless: (i) specifically provided for by the Plan, and/or (ii) as provided by operation of law.

**2 B.** **Co-debtor Obligations -** The following unsecured consumer debts for which there is a non-Debtor co-signor shall be separately classified and paid:

☐ (a) In full through the Plan: _____, _____
                                    Creditor                    Creditor

☐ (b) Directly by the non-debtor co-obligor outside the Plan:

_____, _____
       Creditor                    Creditor

☐ (c) Through the Plan in manner provided for payment of general unsecured claims:

_____
       Creditor

**2 C.** **Priority Claims -** All allowed claims entitled to **priority** under 11 U.S.C. § 507 shall be paid in full in deferred cash payments over the projected term of the Plan, unless a holder of a particular claim agrees to a different treatment. In addition to the costs of administration, which are to be paid in accordance with the standing Orders of this Court, these claims include:

|              Name of Creditor              |              Amount              |
|--------------------------------------------|----------------------------------|

1. None

2.

3.

**2 D.** **Secured Claims for Which § 506 Valuation is Not Permitted** - 11 U.S.C. § 1325(a) (*i.e.,* 910 DAY VEHICLE CLAIMS AND SECURED DEBTS INCURRED WITHIN ONE YEAR). Each of the following allowed claims shall be paid through the Plan, in equal monthly payments, until the amount of the secured claim, as set forth in the creditor's proof of claim or by separate order of the Court, has been paid in full. Claims listed in this subsection consist of debts secured by (i) a purchase money security interest in a vehicle acquired within 910 days preceding the filing of the bankruptcy petition for the personal use of the Debtor or (ii) anything of value if the debt was incurred during the 1-year period preceding the filing of the petition.

|       Name of Creditor       | Proposed Amount of Allowed Secured Claim | Interest Rate |
|------------------------------|------------------------------------------|---------------|

1. None

2.

**2 E.** **Secured Claims - Residence/Real Property - Secured** claim(s), secured only by a lien on Debtor's residence, the last payment upon which debt is due after the date on which the final payment under the Plan is due, shall survive discharge, and shall receive current monthly payments pursuant to the underlying contract between creditor and Debtor. Secured creditors listed below shall be paid directly by the Debtor **"outside"** the Plan unless otherwise indicated in Article XII. The arrearage, if any, will be paid by Trustee through the Plan over the projected term of the Plan. No interest shall be paid on any pre-petition mortgage arrearage as part of the cure of the default.

|   Creditor                          | Arrearage Amount |
|-------------------------------------|------------------|
| 1. Rushmore Loan Management Services | $38,300.00       |

2.

3.

**2 F.** **Secured Claims - Other -** The following allowed **secured** claims shall be paid by the Trustee through the Plan. Each claim is secured to the extent of the value of the corresponding collateral, as indicated below; provided, however, that the amounts set forth herein are not binding valuations of the collateral. The remainder of the claim, if any, is unsecured. Payments shall be made in equal monthly payments over the projected term of the Plan.

|  Creditor | Value of Security | Interest Rate | Amt. of Unsec. Cl. |
|---|---|---|---|
| 1. None | | | |
| 2. | | | |
| 3. | | | |

A holder of a secured claim shall retain the lien securing such claim until the amount for which the claim is allowed, both secured and unsecured, is paid in full or a discharge is granted, pursuant to 11 U.S.C. § 1328.

**2 G.** **Adequate Protection Payments Pending Plan Confirmation -** All adequate protection payments required by § 1326(a)(1)(A) and (C) shall be made pursuant to Administrative Order 05-10.

**2 H.** **Lien Avoidance -** The Debtor proposes to (i) avoid the lien(s) held by the following creditors by separate motion or adversary proceeding pursuant to §§ 522(f), 506(a)(d), or other applicable provisions of the Bankruptcy Code; and (ii) pay claims based on these liens as a general unsecured claim(s) upon the entry of a final order by the Court determining that such avoidance is proper and allowed.

| Name of Creditor | Amount |
|---|---|
| 1. Capital One | $15,750.00 |
| 2. Discover Bank | $8,490.00 |

**2 I.** **Domestic Support Obligations Pursuant to 11 U.S.C. § 101(14A)**

Debtor ☐ Does ☒ Does Not have domestic support obligation(s).

If the Debtor does have domestic support obligation(s):
The holder(s) of any claim(s) for domestic support obligations pursuant to 11 U.S.C. § 1302(d) are specified below. If the holder of a claim is a minor, the name and address of such minor has been disclosed to the Trustee contemporaneously with the filing of this Plan in compliance with 11 U.S.C. § 112.

| Holder Name | Address of Holder (If known) | Address of Child Enforcement Support Agency (Mandatory) |
|---|---|---|
| | | |

Trustee shall pay, pursuant to 11 U.S.C. § 507(a)(1) over the term of the Plan, the allowed arrearage claims for domestic support obligations. Debtor shall directly pay all post-petition domestic support obligations as those payments ordinarily come due.

| Payee Name | Address | Arrearage Claim |
|---|---|---|

**2 J.** **Executory Contracts and Unexpired Leases** - All executory contracts and unexpired leases are rejected except the following, which are assumed and shall be paid:

☑ (a) Directly by Debtor to the Creditor outside the Plan:

| Name of Creditor | Identification of Contract/Property | Amount of Arrearage |
|---|---|---|
| 1. Romo Septic Service | Sewage waste system contract | None |
| 2. Sprint Nextel | Cell phone contract | None |

☐ (b) By the Trustee through the Plan:

| Name of Creditor | Identification of Contract/Property | Amount of Arrearage |
|---|---|---|
| 1. | | |
| 2. | | |

Any cure payment for arrearage on an assumed contract shall be paid through the Plan in equal monthly installments over the term of the Plan.

**2 K.** **Post-petition claims** - Creditors, subject to objection by Debtor, may elect to file a claim for a post-petition obligation, the filing of which claim will require the creditor to receive and accept that amount provided for similarly situated creditors in Debtor's Plan. Debtor may be required to file a modification or amendment to the Plan to provide sufficient funds to enable payment of such post-petition claim(s).

**ARTICLE III.     PROPERTY TO BE SURRENDERED**

Debtor will surrender property to the creditor(s) listed below and the creditor may file a claim for the deficiency, which will be treated as a non-priority general unsecured claim. Any unsecured deficiency claim must be filed the later of: (i) the time period provided for filing proofs of claim, or (ii) ninety (90) days after entry of a final Order directing the surrender or abandonment of the collateral. If the creditor does not timely file a claim, such creditor shall be deemed to have accepted the surrendered property in full satisfaction and discharge of the debt and shall be barred from participating in any payment for such debt under Debtor's Plan.

| Creditor | Property Description |
|----------|---------------------|
| None | |

**ARTICLE IV.        TIME PERIOD FOR OBJECTION TO PROPOSED TREATMENT OF CLAIM**

As set forth above, Trustee shall pay claims as filed absent an objection by Debtor or other party in interest. A creditor may file (i) a proof of claim at any time prior to expiration of the bar date for filing proofs of claim in an amount other than as provided in this Plan; or (ii) in the alternative, an objection to the proposed Plan treatment, with respect to the amount, classification or priority of a claim. A creditor may object to an amended or modified plan within thirty (30) days after such amended or modified plan is filed, if the amended or modified plan changes the amount, classification or priority of such creditor's claim. The order of confirmation shall not be *res judicata* to the Court's consideration of any timely filed proof of claim.

**ARTICLE V.        DEBTOR'S DUTY TO REPORT CHANGE OF STATUS**

If any of the following events occur, Debtor shall fully and timely disclose the event to the Trustee and shall file any appropriate notice, application and/or motion with the Court and serve Trustee:

- Any change in marital status or child/spousal support payments;
- Any change in employment;
- Any change of address; and/or
- Any financial recovery to which Debtor becomes entitled for any reason, including without limitation, any personal injury claim, claim relating to termination of employment, workers' compensation claim, unemployment claim, social security claim, inheritance, life insurance benefits, lottery proceeds or property settlement.

**ARTICLE VI.        COURT APPROVAL FOR SALE OF ASSETS OR INCURRENCE OF DEBT**

During the pendency of this case, Debtor shall not, except with prior approval of the Court, transfer or sell assets (including refinancing real estate), incur obligations (including refinancing of current obligations), or make purchases on credit in excess of $1,000.00, except for normal and reasonable expenses for the maintenance or support of the Debtor and/or Debtor's dependent(s). In addition, Debtor is required to obtain court approval prior to exercising any purchase option upon which an executory contract is proposed to be assumed by the Debtor in this Plan in Article II 2J above.

## ARTICLE VII. CREDITOR'S DUTY TO APPLY PAYMENT

Confirmation of the Plan shall impose an affirmative duty and legal obligation on the holders and/or the servicers of any claims secured by liens, mortgages and/or deeds of trust on the residential real property of the debtor (collectively, "Mortgage Holders") to do all of the following:

(a) Apply the payments received from the Trustee on the pre-petition arrearages, if any, and only to such arrearages. For purposes of this Plan, the "pre-petition arrearages" shall consist of amounts listed on the allowed proof of claim and authorized by the note and mortgage or other security agreement and applicable bankruptcy and non-bankruptcy law (after the resolution of any objection(s) to the proof(s) of claim, whether (i) upon consent of the parties as memorialized in a written stipulation filed with and approved by the Bankruptcy Court, or (ii) pursuant to a final and non-appealable order of the Bankruptcy Court);

(b) Upon (i) completion of the Plan, and (ii) discharge of Debtor, deem the pre-petition arrearages as cured and paid in full for (i) accounting purposes and (ii) purposes of compliance with the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2605 and 2609, and Regulation X, 24 C.F.R. § 3500;

(c) Apply and credit all post-petition installment payments to Debtor's mortgage account as if the account were current and no pre-petition default existed on the petition date in order of priority specified in the note and security agreement and applicable non-bankruptcy law. Post-petition installment payments made within the contractual grace period (if any) under the terms of the applicable note shall be applied and credited without penalty or late charge;

(d) Adjust the ongoing installment payment amount, as required or permitted by the note and security agreement and applicable non-bankruptcy law, including changes based on an escrow analysis for amounts required to be deposited in any escrow account or based on an interest rate provision in an adjustable rate mortgage. Mortgage Holders shall timely notify Debtor, Debtor's attorney and Trustee in writing of such payment adjustments and any shortage, deficiency or surplus of funds in any escrow account. For purposes of this paragraph, the term "timely" shall mean: within the time frame set by the terms of the loan documents (the "Note and Mortgage") RESPA, and/or applicable bankruptcy and non-bankruptcy law, as if (i) the Note and Mortgage were not in default, (ii) a foreclosure had not been commenced; and (iii) a bankruptcy case had not been filed. In the event of a failure to provide such timely written notice, the Debtor and the Mortgage Holders maintain their rights and remedies under applicable bankruptcy and non-bankruptcy law.

(e) Notify in writing the Debtor, the attorney for the Debtor, and the Trustee of any change in the property taxes and/or the property insurance premiums that would either increase or reduce the escrow portion, if any, of the monthly mortgage payments and the effective date of any such adjustment(s). The Note and Mortgage, RESPA, and applicable bankruptcy and non-bankruptcy law, control compliance of the Mortgage Holders with the notice requirements of this paragraph, as if (i) the Note and Mortgage were not in default, (ii) a foreclosure had not been commenced, and (iii) a bankruptcy case had not been filed. In the event of failure to comply with the notice requirements referenced within this paragraph, the Debtor and the Mortgage Holders maintain their rights and remedies under applicable bankruptcy and non-bankruptcy law;

(f) Refrain from directly paying or attempting to pay any pre-petition tax obligation that the Debtor has included in the Plan to be paid under the Plan unless (i) the Mortgage Holder files a motion to modify the Plan, with adequate notice and hearing or (ii) a notice of assignment of the tax claim is filed from the taxing authority to the Mortgage Holder.

**ARTICLE VIII.   VESTING OF TITLE**

☑ (a) Title to the Debtor's property shall re-vest in Debtor upon the completion of payments called for under the Plan and the issuance of Debtor's discharge.

☐ (b) Title to the Debtor's property shall re-vest in the Debtor upon Plan confirmation, subject to Section 348 of Title 11 of U.S. Code.

If no box is checked, (a) shall apply.

**ARTICLE IX.   DEADLINE TO FILE PROOF OF CLAIM**

Except as provided in Article III, the deadline for a creditor (except a governmental unit) to file a proof of claim to participate in the distribution under this Plan shall be NINETY (90) DAYS after the originally scheduled FIRST MEETING OF CREDITORS (Section 341 Meeting) or as otherwise authorized by law and order of the Court. Creditors who fail to timely file proof(s) of claim shall have their debts discharged pursuant to Section 1328 of Title 11 of U.S. Code.

**ARTICLE X.   DISMISSAL OR CONVERSION TO CHAPTER 7**

1. If Debtor's case is dismissed or converted <u>prior</u> to confirmation, undistributed funds received by the Trustee from post petition property shall be paid in the following order: (1) court costs; (2) Trustee's fees if authorized by specific court order; (3) adequate protection payments provided in Administrative Order 05-10; (4) Debtor's attorney fees; and (5) Debtor.

2. In a case converted to Chapter 7, funds received by the Chapter 13 Trustee from pre-petition property shall be paid over to the Chapter 7 Trustee subject to further order of the court.

**ARTICLE XI.   PAYMENT OF DEBTOR'S ATTORNEY FEES**

Attorney fees for Debtor's counsel shall be paid pursuant to Administrative Order 08-01.

**ARTICLE XII.   SOURCE OF EXEMPTIONS**

Debtor is claiming exemptions allowed pursuant to Ohio Revised Code Section 2329.66. Debtor shall provide separate written notice to the Trustee and the Court, pursuant to Administrative Order No. 08-11, if exemptions are or will be claimed other than O.R.C. § 2329.66.

## ARTICLE XIII. ADDITIONAL PROVISION

Any deviations (additions, deletions, or changes) from this form Plan are required to be set forth below and should not contain a restatement of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure or Local Bankruptcy Rules.

Debtors' mortgage lender, Wells Fargo Bank c/o Rushmore Loan Management Services, and/or it's assignees, shall not receive interest on the mortgage arrears or reimbursement of pre-petition attorney fees through the Plan.

Any remaining balance owed for Debtor's student loan to American Education Services and/or it's assignees, after discharge shall remain the financial responsibility of the Debtor.

Debtors are disputing the validity of the security interest held by GE Money Bank for the 2003 Honda scooter (debt has been treated as unsecured on Schedule F).

Date: 8/10/11

/s/John W. Perrotta  
Debtor

/s/Rochelle A. Rulli-Perrotta  
Debtor

/s/Roger S. Slain, #0062049  
Attorney for Debtor